ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JEAN C. RAMOS PAGÁN<br>Recurrido<br><br>v.<br><br>KEISHLA RIVERA FALCÓN<br>Peticionaria | KLCE202400358 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala de<br>Carolina<br><br>Sobre:<br>Alimentos<br><br>Caso Número:<br>TJ2023RF00101 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de mayo de 2024.

Comparece la parte peticionaria, Keishla Rivera Falcón (en adelante, "señora Rivera Falcón" o "Peticionaria") mediante recurso de *Certiorari* y solicita la revisión de una *Orden* emitida el 27 de febrero de 2024 por el Tribunal de Primera Instancia, Sala de Carolina (en adelante, "TPI"). Mediante el referido dictamen mantuvo la pensión de alimentos provisional previamente impuesta a la peticionaria en beneficio de su hija menor. Además, autorizó al padre de la menor, Jean C. Ramos Pagán (en adelante, "señor Ramos Pagán" o "Recurrido"), a matricular a la menor para el próximo año escolar en la misma escuela donde actualmente cursa estudios, a pesar de la objeción de la madre.

Por los fundamentos que expondremos a continuación, *Denegamos* la expedición del auto de *Certiorari*.

**I.**

La señora Rivera Falcón y el señor Ramos Pagán procrearon una hija menor de edad, S.I.R.R., nacida el 1 de febrero de 2018. El señor Ramos Pagán ostenta la custodia de la menor. El 18 de julio

de 2023, el padre custodio solicitó la fijación de la pensión alimentaria en beneficio de su hija.

El 28 de agosto de 2023 se celebró la primera Vista para la Fijación de Pensión Alimentaria ante la EPA, a la cual solo compareció el señor Ramos Pagán. Surge del *Acta* de la misma, que la señora Rivera Falcón no fue notificada de la Vista, según dispone el Artículo 15 de la *Ley Orgánica de la Administración para el Sustento de Menores*.

Luego, el 10 de octubre de 2023 se celebró la Vista de Alimentos ante la Examinadora de Pensiones Alimentarias (en adelante, "EPA"). El 26 de octubre de 2023, la EPA emitió su *Informe* mediante el cual determinó que al padre le correspondía aportar el 73.37% y a la madre el 26.63% de los alimentos para la menor. Surge del *Informe*, que la señora Rivera Falcón trabaja como esteticista/manicurista y tiene un ingreso neto mensual de $1,516.77. Mientras que, el señor Ramos Pagán trabaja como vendedor de autos y tiene un ingreso neto mensual de $4,179.09 mensual. Calculada la pensión suplementaria y la básica, la pensión alimentaria totalizó $577.72 mensual.

El 26 de octubre de 2023, el TPI emitió una *Resolución*, notificada el 31 del mismo mes y año, en la cual acogió el *Informe* de la EPA y le impuso a la señora Rivera Falcón el pago de una pensión alimentaria provisional de $578.00 mensual más el 27% de los gastos de salud y campamento, efectiva desde el 1 de octubre de 2023.

Luego, el 12 de diciembre de 2023, se celebró la Vista sobre Fijación de Pensión alimentaria ante la EPA. Surge del *Informe* del 12 de diciembre de 2023 que, la señora Rivera Falcón presentó una Planilla de Información Personal y Económica (PIPE) enmendada, ya que alegó haber quedado desempleada. De igual manera, la peticionaria indicó no haber consentido a los gastos suplementarios

incluidos en la pensión alimentaria provisional. Ante las múltiples controversias, la Vista fue reseñalada para el 20 de febrero de 2024.

El 8 de enero de 2024, la señora Rivera Falcón presentó una Urgente *Moción en Solicitud de Vista Evidenciaria* y alegó que se le impuso el pago de los gastos suplementarios que surgen de la matrícula en una escuela privada para la cual no prestó su consentimiento. Además, sostuvo que los gastos suplementarios por concepto de gastos escolares sumaban a $1,028.50 mensual y que no puede cubrir esa suma.

El TPI le concedió al señor Ramos Pagán un término de veinte (20) días para exponer su posición mediante *Orden* dictada el 12 de enero de 2024.

Posteriormente, el señor Ramos Pagán presentó una *Urgentísima Réplica en Oposición a Solicitud de Remedios y en Cumplimiento de Orden y en Solicitud de Autorización de Matrícula para el Año 2024-2025*. En la misma, expuso que la *Resolución* emitida el 26 de octubre de 2023 y notificada el 31 de octubre del 2023, mediante la cual el TPI impuso la pensión alimentaria provisional, advino final y firme. Además, arguyó que, a pesar de que la señora Rivera Falcón alegó estar desempleada, no presentó evidencia alguna de despido. Por otro lado, expuso que la menor ya había comenzado a cursar estudios en la escuela en controversia y que, cambiarla de escuela no sería beneficioso para esta. Por todo lo cual, solicitó que se dictara Orden y se le autorizara a proceder con la matrícula de la menor para el próximo año escolar, 2024-2025.

El 27 de febrero de 2024, el TPI emitió una *Orden* declarando Ha Lugar la solicitud del recurrido y autorizó la matrícula de la menor para el año 2024-2025.

Inconforme, la señora Rivera Falcón acudió ante esta Curia mediante recurso de *Certiorari* presentado el 27 de marzo de 2024 y

solicitó la revisión de la *Orden* del 27 de febrero de 2024. La peticionaria realizó los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia Sala de Carolina, al declarar Ha Lugar la moción presentada por el recurrido en cuanto a los gastos escolares por concepto de colegio privado de la menor hija de las partes, y negando con ello a la peticionaria la vista evidenciaria solicitada desde el 8 de enero de 2024, imponiendo a esta el pago de un colegio privado cuyo costo no fue consultado y objetado oportunamente.**

> **Erró el Tribunal de Primera Instancia Sala de Carolina, al declarar Ha Lugar la solicitud del recurrido, de autorizar a matrícula de la menor en un colegio privado para el año escolar 2024-2025, habiendo una controversia planteada en cuanto a la falta de consulta y autorización sobre este asunto, imponiendo la obligación de pagar un gasto del que no fue consultada y negándole los derechos que le otorga la Patria Potestad.**

El 4 de abril de 2024 dictaminamos una *Resolución* y le concedimos a la parte recurrida un término de diez (10) días para presentar su alegato en oposición, conforme dispone la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 37.

Transcurrido el término, damos por sometido el recurso y procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal

revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las

situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, *Denegamos* el auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones